UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEIGHANN LAMBERT,

                    Plaintiff,

v.                                                               3:13-CV-0500
                                                                   (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

OFFICE OF PETER W. HILL                     PETER W. HILL, ESQ.
  Counsel for Plaintiff
P.O. Box 823
384 Main Street
Oneonta, NY 13820-0823

U.S. SOCIAL SECURITY ADMIN.                JASON P. PECK, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this Social Security action filed by Leighann Lambert ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Carter, filed March 7, 2016, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 14-15.)

## I. PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes two arguments in objection to Magistrate Judge Carter's Report and Recommendation.

First, Plaintiff argues that the Court should reject Magistrate Judge Carter's recommendation that the Administrative Law Judge's ("ALJ") mental residual functional capacity ("RFC") determination was supported by substantial evidence because the ALJ erred in (1) selectively relying on certain portions of the medical opinions, but not others, (2) not recontacting Plaintiff's treating physician, Michael Freeman, D.O., and (3) not considering the evidence of record, including the opinion of treating psychiatrist, Michael Talarico, M.D., rendered in November 2012, in the context of Plaintiff's inpatient psychiatric hospitalization in March 2012. (Dkt. 15 at 1-6) Within this argument, Plaintiff argues that the ALJ erred by failing to obtain vocational expert testimony at step five based on (1) Plaintiff's combination of mental and physical impairments, and (2) the ALJ's determination that Plaintiff was unable to perform her past relevant work due to nonexertional limitations. (*Id.* at 5-6.)

Second, Plaintiff argues that the Court should reject Magistrate Judge Carter's recommendation that the ALJ properly assessed Plaintiff's credibility because the ALJ erred in considering Dr. Talarico's opinion in the credibility analysis because (1) Dr. Talarico's November 2012 assessment that Plaintiff had made "considerable progress" should have been considered in the context of Plaintiff's March 2012 inpatient psychiatric hospitalization, and (2) although Dr. Talarico opined that Plaintiff's mental functioning's was "fair" to "good" in all areas, his assessment form stated that "fair" means that an individual's functioning is "often satisfactory but unsatisfactory 25-50% of the time." (*Id.* at 6-7.)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections restate arguments presented in her initial brief. (*Compare* Dkt. No. 15 *with* Dkt. No. 10.) Therefore, the Court reviews the portions of Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's objections for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. (Dkt. No. 15.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: March 28, 2016
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge